MR. JUSTICE WEBER,
concurring:
As pointed out in the majority opinion, starting in 1971 this Court articulated the rule that private searches invade privacy rights protected by Art. II, Sec. 10, Mont. Const, and are therefore properly subject to the exclusionary rule. That rule was set forth in numerous cases, the last of which was decided in 1983. In view of our reversal of that well-established holding I think it appropriate to discuss the rule of stare decisis.
We recognize that a significant change in a basic rule of law unsettles the law and gives rise to criticism. State ex rel. Sparling v. Hitzman (1935), 99 Mont. 521, 525, 44 P.2d 747, 749, describes the problems in failing to follow established precedent, as well as the need for evolution of the law:
“We realize the force and the wisdom of the rule of stare decisis. We are not unmindful of the fact that principles of law should be positively and definitively settled in order that courts, lawyers, and, above all, citizens may have some assurance that important legal *73 principles involving their highest interests shall not be changed from day to day, with the resultant disorders that of necessity must accrue from such changes. We are mindful, however, of the fact, as stated by Mr. Justice Brandéis . . . that ‘in the search for truth through the slow progress of inclusion and exclusion, involving trial and error, it behooves us to reject, as guides, the decisions upon such questions which prove to have been mistaken.’ The rule of stare decisis will not prevail where it is demonstrably made to appear that the construction placed upon the constitutional provision in the former decision is manifestly wrong.” (Emphasis supplied.)
Principles of law should be definitively settled if that is possible. However, as suggested by Justice Brandéis, the search for truth involves a slow progress of inclusion and exclusion, involving both trial and error. I do not cast any reflection on those justices who participated in the opinions which are being overruled. However, I do believe that the decisions were fundamentally mistaken. I concur with the majority conclusion that Art. II, Sec. 10, Mont.Const. contemplated state action and did not address the question of private action.
I concur with the majority opinion.